UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RIVAS FLORES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00229-CDB<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH LOCAL RULES**<br><br>**TEN (10)-DAY DEADLINE**<br><br>Clerk of the Court to Effect Manual Service |

Plaintiff Ruben Rivas Flores ("Plaintiff") initiated this action with the filing of a complaint in the Superior Court for the State of California/County of Kern, against Defendants City of Bakersfield, Jason Gonzalez, Kayla Wainright, Chase Hammons, Jeffrey Martin (collectively, "Defendants"), and Does 1-100, on January 5, 2024.  (Doc. 2).  Defendants removed the action to this Court on February 22, 2024.  *Id.*  Defendants filed a proof of service reflecting they served the notice of removal and related documents on Plaintiff through counsel of record via email and U.S. Postal mail.  (Doc. 4).

On the same date this action was removed, the Clerk of the Court issued new case documents and directed counsel for Plaintiff to apply for admissions to practice before this Court. (Docs. 5-6).  Among other things, the new case documents directed Plaintiff to file an enclosed "Consent/Decline of U.S. Magistrate Judge Jurisdiction" form within 14 days of the date of

removal.  (Doc. 5 at 2).

On February 23, 2024, Defendants filed a motion to dismiss certain state law causes of action.  (Doc. 7).  Defendants' motion includes a proof of service reflecting they served the motion papers on Plaintiff through counsel of record via email and U.S. Postal mail.  *Id.*.  The deadline for Plaintiff to file his opposition or statement of non-opposition to the motion to dismiss was March 8, 2024.  *See* Local Rule 230(c).  Plaintiff did not timely file an opposition or statement of non-opposition, which the Court may construe as a non-opposition to the motion.  *Id.*

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within ten (10) days** of the date of service of this order, why this action should not be dismissed for his failure to prosecute and to comply with the Local Rules.

Alternatively, within that same time, Plaintiff may comply with this order by (1) counsel filing his application for admissions to practice in this District, (2) counsel filing a consent/decline form, and (3) counsel filing an opposition or statement of non-opposition to Defendants' motion to dismiss.

///

///

///

**Failure to comply with this order will result in the imposition of sanctions up to and including financial sanctions and a recommendation that this action be dismissed.**

The Clerk of the Court is DIRECTED to effect manual service of this Order on counsel for Plaintiff at his email address and mailing address of record (*see* Docs. 4, 7).

IT IS SO ORDERED.

Dated:   **March 11, 2024**                              _____
 UNITED STATES MAGISTRATE JUDGE