UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RIVAS FLORES,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-00229-KES-CDB<br><br>ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 25) |

**Background**

On June 12, 2025, the parties filed a stipulated request for an order granting Plaintiff leave to file a first amended complaint, attaching thereto the proposed first amended complaint. (Doc. 23). On June 13, 2025, the Court granted the parties' request and directed Plaintiff to file the proposed first amended complaint as a stand-alone docket entry within seven days of issuance of the Court's order. (Doc. 24). Plaintiff failed to timely file the complaint or make any filings explaining the delinquency. Accordingly, on June 23, 2025, the Court ordered Plaintiff to show cause within two days why sanctions should not be imposed for failure to comply with a court order. Alternatively, Plaintiff was permitted to comply with the show cause order by filing a first amended complaint by the same deadline. Plaintiff was admonished that "[a]ny failure by Plaintiff to timely comply with this order will result in the imposition of sanctions." (Doc. 25).

1

Plaintiff's deadline to respond to the order to show cause has passed and Plaintiff has filed neither a first amended complaint nor any other document seeking an extension or other relief.

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See*, *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

**Discussion**

Here, the Court ordered Plaintiff to file a first amended complaint as a stand-alone entry on the docket. *See* (Doc. 24). When Plaintiff failed to comply, the Court ordered compliance at risk of sanction. *See* (Doc. 25). Still, Plaintiff has failed to comply with the Court's orders. Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket in this action. Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders. Therefore, to gain Plaintiff's compliance, a $100 sanction shall be imposed on Plaintiff commencing on the date of this order and shall continue to be imposed each day thereafter until Plaintiff files a first amended complaint. Plaintiff's filing of a first amended complaint on the date of this order will not relieve Plaintiff of the sanction imposed commencing on this date. Further, the daily deadline shall expire at the close of business each day at 5:00 p.m.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Ruben Rivas Flores shall pay the Clerk of the Court $100 per day, beginning on the date of this order, until Plaintiff files a first amended complaint as a stand-alone entry on the docket.

IT IS SO ORDERED.

Dated: **June 26, 2025**

UNITED STATES MAGISTRATE JUDGE