UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RIVAS FLORES,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>   Defendants. | Case No. 1:24-cv-00229-KES-CDB<br><br>ORDER REQUIRING PLAINTIFF AND COUNSEL TO SHOW CAUSE IN WRITING AS TO WHY DAILY SANCTIONS SHOULD NOT CONTINUE AND WHY FULL SANCTION AMOUNT SHOULD NOT BE IMPOSED AND REPORTED TO STATE BAR<br><br>(Doc. 26)<br><br>**JULY 18, 2025, DEADLINE** |

**Background**

On June 12, 2025, the parties filed a stipulated request for an order granting Plaintiff Ruben Rivas Flores ("Plaintiff") leave to file a first amended complaint, attaching thereto the proposed first amended complaint. (Doc. 23). On June 13, 2025, the Court granted the parties' request and directed Plaintiff to file the proposed first amended complaint as a stand-alone docket entry within seven days of issuance of the Court's order. (Doc. 24).

When Plaintiff failed to timely file the amended complaint, a request for extension, or make any filings explaining the delinquency, on June 23, 2025, the Court ordered Plaintiff to show cause within two days why sanctions should not be imposed for failure to comply with a court order. (Doc. 25). The Court permitted Plaintiff to satisfy the show cause order in the alternative by filing a first amended complaint by the same deadline. Plaintiff was admonished that "[a]ny failure by

1

1    Plaintiff to timely comply with this order will result in the imposition of sanctions." *Id*. Plaintiff

2    filed neither a first amended complaint nor any other document seeking an extension or other relief.

3    Accordingly, on June 26, 2025, the Court entered an order imposing upon and requiring Plaintiff

4    to pay sanctions of $100 per day until he filed the amended complaint. (Doc. 26).

5    **Governing Authority**

6    The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to

7    secure the just, speedy and inexpensive determination of an action. Fed. R. Civ. P. 1. To effectuate

8    this purpose, the rules provide for sanctions against parties that fail to comply with court orders or

9    that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).

10    Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to

11    obey a scheduling or other pretrial order.

12    The Court also possesses inherent authority to impose sanctions to manage its own affairs

13    so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501

14    U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all

15    others, including to protect the due and orderly administration of justice and maintain the authority

16    and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to

17    compel a party to comply with the Court's orders, the Court may issue daily sanctions until

18    compliance is obtained. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 613, 629-30 (9th

19    Cir. 2015) (recognizing a district court's authority to impose daily sanctions to coerce compliance

20    with court order); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's

21    authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what

22    he had refused to do.").

23    Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of

24    counsel or of a party to comply with these Rules or with any order of the Court may be grounds for

25    imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent

26    power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these

27    Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate

28    Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may,

1   after reasonable notice and opportunity to show cause to the contrary, take any other appropriate

2   disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the

3   foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court

4   before which the attorney has been admitted to practice." *Id.*

5        **Discussion**

6        Here, the Court ordered Plaintiff to file a first amended complaint as a stand-alone entry on

7   the docket. *See* (Doc. 24). When Plaintiff failed to comply by the deadline imposed, the Court

8   ordered compliance at risk of sanction. *See* (Doc. 25). Still, and despite the subsequent imposition

9   of daily sanctions prompted by Plaintiff's noncompliance, Plaintiff still has failed to comply with

10  the Court's orders. Aside from evidencing Plaintiff's lack of regard for complying with court

11  orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket in this

12  action.

13       As of the date of this order, daily sanctions are set to reach $2,000.00 by the daily deadline

14  of 5:00 p.m. Pursuant to California law, "a court shall notify the State Bar of any of the

15  following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for

16  failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal.

17  Bus. & Prof. Code § 6086.7(a)(3).

18       It is not clear if Plaintiff or his counsel are even aware of the ongoing daily sanctions, and

19  counsel may have neglected to read the order entirely, or otherwise failed to address it. The Court

20  shall afford Plaintiff and his counsel an opportunity to explain why the total sanction amount

21  already compiled as of this date should not be imposed in total, jointly and severally against Plaintiff

22  and his counsel. The Court may accept a partial reduction of the total amount of sanctions based

23  on a clear and convincing demonstration of good cause addressing the failure to timely pay to the

24  Clerk of the Court the cumulative daily sanctions now owed.

25       To be clear to Plaintiff and his counsel, nothing in this order suspends the ongoing

26  imposition of the daily sanctions that began on June 26, 2025, and the daily sanctions will continue

27  to accrue during the pendency of the response period indicated in this order, until Plaintiff and

28  counsel comply with the Court's orders noted above and this order.

1

**Conclusion and Order**

2          Based on the foregoing, it is HEREBY ORDERED, that no later than July 18, 2025, Plaintiff

3  Ruben Rivas Flores and counsel Stephen A. King shall show cause in writing why the cumulative,

4  previously imposed sanction and daily sanction amount, set to reach $2,000.00 as of the date of this

5  order (July 16, 2025), shall not be imposed jointly and severally, why such sanction shall not be

6  reported to the State Bar of California, and why daily sanctions shall not continue to be imposed.

7  IT IS SO ORDERED.

8     Dated:  __**July 16, 2025**__                     _____

9                                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4