UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RIVAS FLORES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00229-KES-CDB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, IMPOSING TOTAL SANCTION AMOUNT OF $2,000 ON PLAINTIFF'S COUNSEL, DIRECTING CLERK OF COURT TO REPORT PLAINTIFF'S COUNSEL TO STATE BAR OF CALIFORNIA, AND REQUIRING COUNSEL TO REPORT TO STATE BAR<br><br>(Docs. 25, 26, 27)<br><br>**7-DAY, 30-DAY, AND 40-DAY DEADLINES** |

**Background**

On June 12, 2025, the parties filed a stipulated request for an order granting Plaintiff Ruben Rivas Flores ("Plaintiff") leave to file a first amended complaint, attaching thereto the proposed first amended complaint. (Doc. 23). On June 13, 2025, the Court granted the parties' request and directed Plaintiff to file the proposed first amended complaint as a stand-alone docket entry within seven days of issuance of the Court's order. (Doc. 24).

When Plaintiff failed to timely file the amended complaint, a request for extension, or make any filings explaining the delinquency, on June 23, 2025, the Court ordered Plaintiff to show cause within two days why sanctions should not be imposed for failure to comply with a court order. (Doc. 25). The Court permitted Plaintiff to satisfy the show cause order in the alternative by filing

1

a first amended complaint by the same deadline. Plaintiff was admonished that "[a]ny failure by Plaintiff to timely comply with this order will result in the imposition of sanctions." *Id*.

Plaintiff filed neither a first amended complaint nor any other document seeking an extension or other relief. Accordingly, on June 26, 2025, the Court entered an order imposing upon and requiring Plaintiff to pay sanctions of $100 per day until he filed the amended complaint. (Doc. 26). When Plaintiff failed to make any responsive filings following the Court's entry of that order, on July 16, 2025, the Court entered an order requiring Plaintiff and Plaintiff's counsel to show cause in writing why daily sanctions should not continue and why the amount of $2,000.00 accrued at the time of issuance should not be imposed and reported to the State Bar of California. (Doc. 27). Plaintiff failed to file a response to the Court's order and the time do so has expired.

**Governing Authority**

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See*, *e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to compel a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 613, 629-30 (9th Cir. 2015) (recognizing a district court's authority to impose daily sanctions to coerce compliance with court order); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

California Business and Professions Code § 6068(o)(3) imposes a duty upon an attorney to report sanctions of $1,000.00 or more to the State Bar, and § 6086.7(a)(3) directs courts to notify the State Bar of sanctions of $1,000.00 or more.  Cal. Bus. & Prof. Code §§ 6068(o)(3), 6086.7(a)(3); *Acevedo v. Russell Cellular, Inc.*, No. 1:20-cv-01440-JLT-SAB, 2022 WL 2092563, *5 (E.D. Cal. June 9, 2022).[1]

**Discussion**

The Court ordered Plaintiff to file a first amended complaint as a stand-alone entry on the docket. *See* (Doc. 24).  When Plaintiff failed to comply by the deadline imposed, the Court ordered compliance at risk of sanction. *See* (Doc. 25).  Still, and despite the subsequent imposition of daily sanctions prompted by Plaintiff's noncompliance, as of the date of this order Plaintiff still has failed to comply with the Court's orders.  Aside from evidencing Plaintiff's lack of regard for complying with court orders, Plaintiff's intransigence is preventing the Court from efficiently managing its docket in this action.

As of the date of the Court's order to show cause (Doc. 27), daily sanctions were in the amount of $2,000.00.  Pursuant to California law, "a court shall notify the State Bar of any of the

---

[1] The Court does not suggest federal courts are *required* to comply with this law, however, the Court finds its direction to be reasonable to adhere to due to principles of comity and the interaction between this Court's own Local Rules and the State Bar of California and its Rules of Professional Conduct.  *See* E.D. Cal. L.R. 180(e).

1  following: . . . (3) The imposition of any judicial sanctions against an attorney, except sanctions for
2  failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal.
3  Bus. & Prof. Code § 6086.7(a)(3).

4        Plaintiff did not file any response to the Court's order to show cause and the time to do so
5  has expired.  The Court informed Plaintiff that it "may accept a partial reduction of the total amount
6  of sanctions based on a clear and convincing demonstration of good cause addressing the failure to
7  timely pay to the Clerk of the Court the cumulative daily sanctions now owed." (Doc. 27 at 3).
8  Having afforded Plaintiff and his counsel an opportunity to explain why the total sanction amount
9  accrued as of the date of the show cause order should not be imposed in total, and receiving no
10 response, the Court will impose the accrued sanctions in total upon Plaintiff's counsel.

11       Further, the Court's order specified that sanctions would continue until the order was
12 complied with. *Id.*  Despite the lack of compliance, the Court finds it appropriate to afford
13 Plaintiff's counsel the opportunity to comply by paying to the Clerk of the Court the sanctions
14 amount due and reporting the sanctions to the State Bar of California.  The sanctions amount shall
15 be imposed on Plaintiff's counsel Stephen A. King only, given there is no indication of any fault
16 of the Plaintiff for the failure of counsel to abide by the Court's orders.  However, Plaintiff's
17 counsel is admonished that, if he fails to pay the sanctions accrued by the date specified in this
18 order (*i.e.*, within 7 days of entry of this order), additional sanctions of $50.00 per day shall issue
19 from the date following the deadline until full payment is received.

20       Nothing in this order abrogates Plaintiff's obligation to comply with the Court's orders
21 and file the proposed first amended complaint as a stand-alone docket entry. *See* (Doc. 24).  To
22 that end, Plaintiff is further admonished that Plaintiff's failure to file the first amended complaint
23 on the docket as a stand-alone entry by the date payment of sanctions are due (namely, within 7
24 days) will result in the imposition of additional sanctions, up to and including a recommendation
25 that this action be dismissed.

26       Lastly, the Court finds it appropriate, based on ethical concerns and comity with the
27 California state courts and the State Bar of California, to report Stephen A. King to the State Bar
28 of California, and shall order Mr. King to comply with his own independent obligation to report

the sanctions to the State Bar. *See Lozano v. Cabrera*, No. 22-55273, 2023 WL 2387583, *2 (9th Cir. Mar. 7, 2023) (directing Clerk of Court to transmit copy of order affirming imposition of sanctions to State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3), (b)); *Seymour v. Wilshire Credit Corp. Home Loans Dist.*, No. 2:19-cv-00564-MCE, 2023 WL 2167112, *1 (E.D. Cal. Feb. 22, 2023) (ordering attorney to report imposition of $1,100 sanction to the California State Bar); *Out of the Box Enters., LLC v. El Paseo Jewelry Exchange, Inc.*, No. EDCV 10-01858 VAP(DTBx), 2011 WL 13135642, *5 (C.D. Cal. Dec. 14, 2011) (directing Clerk of Court to transmit copy of order imposing sanctions to State Bar of California) (citing Cal. Bus. & Prof. Code § 6086.7(a)(3)).

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel Stephen A. King shall pay the Clerk of the Court $2,000.00 in sanctions within seven (7) days of the entry of this order, with the sum to be paid personally, and not to be transmitted to his client by way of a charge of attorney's fees and/or costs;

2. If such payment and proof of payment of sanctions is not timely made, additional sanctions of $50.00 per day shall issue starting the day following the deadline, until full payment is received;

3. Pursuant to California Business and Professions Code § 6068(o)(3), counsel shall report these sanctions to the State Bar of California within 30 days of the entry of this order;

4. Not later than 40 days from the entry of this order, Plaintiff's counsel shall file a declaration attesting that he has reported these sanctions to the State Bar of California;

5. Pursuant to California Business and Professions Code § 6086.7(a)(3), the Clerk of the Court is DIRECTED to report the sanctions imposed on counsel Stephen A. King to the State Bar of California;

///

     6.     The Court's order to show cause (Doc. 27) is HEREBY DISCHARGED; and

     7.     Plaintiff shall file the proposed first amended complaint (Doc. 23 at 5-13) as a stand-alone entry on the docket within seven (7) days of the entry of this order. *See* (Docs. 24, 25, 26, 27).

**<u>Any further failure by Plaintiff to comply with this Court's orders will result in the imposition of sanctions, up to and including a recommendation that the action be dismissed.</u>**

IT IS SO ORDERED.

Dated:   **July 22, 2025**                        _____
                                                      UNITED STATES MAGISTRATE JUDGE