Stephen A. King, Esq. (SBN: 224683)
**KINGS JUSTICE LAW**
280 S. Beverly Dr. PH
Beverly Hills, CA 90212
Tel: (323) 546-4529
Fax:(323) 285-3434
sking@kingsjusticelaw.com

Attorneys for Plaintiff, RUBEN RIVAS FLORES

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RIVAS FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>JASON GONZALEZ, an individual;<br>KAYLA WAINRIGHT, an individual;<br>CHASE HAMMONS, an individual;<br>JEFFREY MARTIN, an individual;<br>AND DOES 1-100, Inclusive<br><br>Defendants. | CASE NO.: 1:24-cv-00229-CDB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **UNREASONABLE SEIZURE/EXCESSIVE FORCE (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, RUBEN RIVAS FLORES (hereinafter "Plaintiff"), for his complaint against Defendant Bakersfield Police Department Officers: DEFENDANT JASON GONZALEZ, DEFENDANT KAYLA WAINRIGHT, DEFENDANT CHASE HAMMONS and DEFENDANT JEFFREY MARTIN (collectively "Defendant Officers") and DOES 1-100 inclusive, alleges as follows:

---
**1**
**FIRST AMENDED COMPLAINT FOR DAMAGES**

## NATURE OF ACTION

1. This is an action that seeks compensatory and punitive damages from all Defendants for violating various right under state law in connection with the officers' unjustified violation of Plaintiff's constitutional rights as describe herein.

2. This lawsuit is brought pursuant to 42 U.S.C. § 1983 against all Defendants for actions under color of state law in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 in that this action is brought to redress deprivation, under color of rights secured by the Constitution of the United States.

3. All Defendants are directly liable for Plaintiff's injuries under state law pursuant to California Government Code § 820. Defendant Officers conduct, actions, and/or ratification of said conduct and actions caused Plaintiff's significant and enduring physical, emotional, and psychological harm.

## PARTIES AND THEIR AGENTS

4. Plaintiff Rivas is an individual, and at all times mentioned in this Complaint was a resident of the Kern County, California.

5. City of Bakersfield is a public entity, located in the County of Kern, within the State of California.

6. At all relevant times, Defendant Officers (Officer Jason Gonzalez #1455 , Officer Kayla Wainright #1466 , Officer Chase Hammons #1489, and Sergeant Jeffrey Martin #1020) were duly appointed officers subject to the customs and practices of the Bakersfield Police Department, which gave rise to the Plaintiff's constitutional, federal and/or state rights claims.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

7. Plaintiff is informed and believes, and thereon alleges, City of Bakersfield is now, and at all times mentioned in this Complaint was, a municipal corporation and political subdivision organized and existing under the laws of the State of California and owns, operates, manages, directs, and controls the Defendant Officers and other operating departments of the City of Bakersfield. City of Bakersfield is sued in its own right based on its policies, customs, and practices that gave rise to the Plaintiff's civil rights claims.

8. All Defendants are natural persons, including Does 1-100, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the City of Bakersfield.

9. At all times mentioned herein, each and every defendant was the agent of each and every defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

10. Finally, at all relevant times mentioned herein, All Defendants, acted individually and/or as agents of All Defendants in committing the acts alleged herein and is responsible for the unlawful conduct and resulting rights violations suffered by Plaintiff either through personal participation in the conduct; by acting jointly and in concert with those who did; by authorizing, acquiescing, or failure to take action to prevent or intervene in the unlawful conduct occurred; by promulgating policies or procedures pursuant to which the unlawful conduct occurred; by falling and refusing, with deliberate indifference to the rights and wellbeing of Plaintiff and others similarly situated, to initiate and maintain adequate supervision and/or training of the wrongful actors; or by failing to officially ratifying or endorsing the misconduct of the actors under the supervision, direction, and/or control.

11. Whenever and wherever reference is made in a Cause of Action to any act or omission by a defendant, such allegation and reference shall also be deemed to mean the acts and omissions of each defendant individually, jointly, and severally. Accordingly, each of the individual defendants is sued in their personal capacities for the harms caused by their acts or omissions.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the PLAINTIFF'S claims pursuant to 28 U.S.C. § 1331 (federal questions) and 28 U.S.C § 1343 (civil rights jurisdiction). This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C § 2201 and 2202 and Federal Rule of Civil Procedure 57.

13. Venue is proper in the Eastern District of California pursuant to 28 U.S.C § 1391, as all DEFENDATNS and the events giving rise to the claims herein occurred in the Eastern District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. On November 26, 2022, Plaintiff was driving to pick up patrons for Uber and Lyft late at night. On that date, he received a request to pick up a group of customers in Downtown Bakersfield. At approximately 1:30 am, Plaintiff arrived downtown near the 1600th block of 19th Street in Bakersfield, California 93301.

15. Plaintiff arrived at a very chaotic and violent scene. Bakersfield Police Department Officers were already at the location. The Defendant Officers

onsite included Officer Hammons #1489, Officer Gonzalez #1455, Officer Wainwright #1466, and Sergeant Martin #1020.

16. The Bakersfield Police Department Officers were trying to get control of the scene. Another person, unrelated and unaffiliated with the Plaintiff, named Casey Young behaving in an uncontrollable and disruptive matter.

17. Plaintiff pulled his vehicle over in attempt to pick up his customers that requested the ride. Casey Young began to strike and damage Plaintiff's vehicle. Plaintiff exited his vehicle to request help and aid from the onsite police officers.

18. Casey Young then began to attack and hit the Plaintiff. Plaintiff was not involved in any voluntary physical altercation with Casey Young. Instead, he was a victim of Casey Young's erratic and violent behavior. Plaintiff called for help from the Bakersfield Police Defendant Officers to protect him from Casey Young.

19. Plaintiff was yelling for help from Defendant Officers, specifically Defendant Sergeant Jeffery Martin.

20. Instead of receiving relief, Defendant Officers, specifically Defendant Officer Jason Gonzalez and Defendant Officer Kayla Wainright began to detain Plaintiff and place him under arrest.

21. Defendant Officers, specifically Defendant Officer Jason Gonzalez and Defendant Officer Kayla Wainright began to exercise illegal and excessive use of force against Plaintiff.

22. Defendant Officer Jason Gonzalez decided to run towards Plaintiff with all his momentum and wrapped his arms around Plaintiff, tackling him to the ground. Defendant Officer Jason Gonzalez forced Plaintiff's arms around his back into handcuffs. Defendant Officer Jason Gonzalez repeatedly kneed Plaintiff in his upper back. Defendant Officer Jason Gonzalez continued to

aggressively handle Plaintiff after placing handcuffs on him. Defendant Officer Kayla Wainright came to assist Defendant Officer Jason Gonzalez in the illegal detainment, using an excessive use of force handling the Plaintiff.

23. Defendant Officers further illegally detained and seized Plaintiff by detaining him, while conducting their investigation. Defendant Officer Jason Gonzalez reported that Plaintiff was an Uber driver attempting to leaving the area, when Casey Young confronted him.

24. Despite this knowledge, Defendant Officers on the scene cited Plaintiff with PC 148(a)(1) for resisting arrest.

25. Plaintiff was too injured to be taken into custody. Plaintiff was taken to Kern Medical Center for treatment to injuries to his right eye, fracture of right fibula, knee contusions, and right corneal abrasion.

26. Plaintiff felt humiliated, violated, and embarrassed. Plaintiff is traumatized by the actions of the Defendant Officers involved.

27. Plaintiff suffered physical, mental, and emotional injuries from Defendant Officers' actions during the illegal detention, use of force, arrest, detainment, search and seizure.

## FIRST CAUSE OF ACTION
## UNREASONABLE SEIZURE/EXCESSIVE FORCE
## (42 U.S.C. § 1983)
**(By Plaintiff against Defendant Officers and Does 1-100)**

28. The allegations Plaintiff set forth in this complaint are hereby realleged and incorporated by reference.

29. This cause of action is asserted against Defendant Officers, for their use of excessive, illegal, and unreasonable force.

30. Defendant Officers' conduct described above, violated Plaintiff's right to be free from unreasonable searches and seizures, excessive or arbitrary threats of force, and arrest or detention without reasonable or probable cause under the Fourth Amendment to the United States Constitution.

31. Defendant Officers acted entirely without probable cause or reasonable suspicion that Plaintiff had committed, was committing, or would commit any crime.

32. As a direct result of the seizure and repeated threats Defendant Officers caused to Plaintiff, Plaintiff has suffered and will continue to suffer severe pain, recurring medical examinations, severe emotional distress, economic hardship, and need of further treatment.

33. The conduct of the Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages.

34. Due to the conduct of Defendant Officers, they are liable for Plaintiff's injuries, either because they were integral participants in the unlawful detention and arrest, or because they failed to intervene to prevent these violations.

35. Additionally, it is apparent from the forgoing facts that all of the Defendant Officers acted with: 1) spiteful, ill-willed, and/or harmful purpose towards Plaintiff; 2) unnecessary harshness and severity amounting to an abuse of authority over Plaintiff's weakness, disability, or misfortune; and/or 3) complete indifference to Plaintiff 's rights and wellbeing in the face of manifest risks thereto.

36. Accordingly, Plaintiff is entitled to recover punitive damages against the individual defendant officers, in addition to compensation for the severe mental, physical, and emotional pain and suffering to which they subjected

him, and reduced earning potential, and all past and future medical expenses, among other things, in order to deter such despicable conduct by the example of their punishment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Does 1-100, and each of them, as follows:

1. For compensatory and special damages including but not limited to Plaintiff's physical, mental, and emotional pain and suffering; all past, present, and future related medical expenses; and any lost function and income potential the result of his injuries, in amounts to be determined according to proof at trial;

2. For punitive damages against the individual defendants in amounts to be determined according to proof at trial;

3. For equitable relief;

4. For prejudgment interest;

5. For cost of suit incurred herein;

6. For the reasonable attorneys' fees and costs allowed under 42 U.S.C. § 1988 in an amount to be proven at trial;

7. For civil penalties as allowed by law; and

8. For such other and further relief as this Court deems just and proper and appropriate.

DATED:  July 22, 2025                   **KINGS JUSTICE LAW, APC**

By: _____
**STEPHEN A. KING**
Attorney for Plaintiff,
RUBEN RIVAS FLORES

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the City of Beverly Hills, County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 280 S Beverly Dr., PH, Beverly Hills, CA 90212-3905.

On July 22, 2025, I served the documents named below on the parties in this Action as follows:

DOCUMENT(S) SERVED: **FIRST AMENDED COMPLAINT FOR DAMAGES**

SERVED UPON:

**MICHAEL G. MARDEROSIAN,** SBN 77296
**HEATHER COHEN,** SBN 263093
7797 N. First Street, Suite 101-5
Fresno, California 93720
Tel.: (559) 441-7991; Fax: (559) 441-8170
Email: mick@mcc-legal.com
       heather@mcc-legal.com

VIRGINIA GENNARO, SBN 138877
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Tel.: (661) 326-3721; Fax: (661) 852-2020
Email: vgennaro@bakersfieldcity.us

[ ] (BY MAIL) I personally mailed each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Beverly Hills, California.

[ ] (BY FACSIMILE) ) Pursuant to C.R.C. 2.306(h), I either caused, or had someone cause, the transmitting machine to properly transmit the attached documents to the facsimile numbers shown on the service list. The above-referenced document was transmitted by facsimile transmission and the transmission was reported as completed and without error.

[X] (BY ELECTRONIC MAIL) I caused to be delivered by electronic mail the above referenced document to the email addresses shown on the service list on the date stated herein.

[ ] (BY PERSONAL SERVICE) I delivered to an authorized courier or driver to be delivered on the same date.

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1    Executed on July 22, 2025, at Beverly Hills, California.

_____
Faith Rodriguez