UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN RIVAS FLORES,<br><br>               Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>               Defendants. | Case No. 1:24-cv-00229-KES-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER IMPOSING SANCTIONS AND REQUIRING COUNSEL TO REPORT TO THE STATE BAR<br><br>ORDER VACATING HEARING<br><br>(Doc. 30)<br><br>ORDER RESETTING DEADLINE TO COMPLY WITH SANCTIONS ORDER<br><br>(Doc. 28) |

Pending before the Court is the motion of Stephen A. King, counsel for Plaintiff Ruben Rivas Flores ("Plaintiff"), for reconsideration of the Court's order imposing sanctions and requiring Plaintiff's counsel to report to the State Bar of California. (Doc. 30).

**I.      Background**

On June 12, 2025, the parties filed a stipulated request for an order granting Plaintiff leave to file a first amended complaint, attaching thereto the proposed first amended complaint. (Doc. 23). On June 13, 2025, the Court granted the parties' request and directed Plaintiff to file the

1  proposed first amended complaint as a stand-alone docket entry within seven days of issuance of
2  the Court's order. (Doc. 24).

3  When Plaintiff failed to timely file the amended complaint, a request for extension, or make
4  any filings explaining the delinquency, on June 23, 2025, the Court ordered Plaintiff to show cause
5  within two days why sanctions should not be imposed for failure to comply with a court order.
6  (Doc. 25). The Court permitted Plaintiff to satisfy the show cause order in the alternative by filing
7  a first amended complaint by the same deadline. Plaintiff was admonished that "[a]ny failure by
8  Plaintiff to timely comply with this order will result in the imposition of sanctions." *Id.*

9  Plaintiff filed neither a first amended complaint nor any other document seeking an
10 extension of time or other relief. Accordingly, on June 26, 2025, the Court entered an order
11 imposing upon and requiring Plaintiff to pay sanctions of $100 per day until he filed the amended
12 complaint. (Doc. 26). Approximately three weeks later, when Plaintiff had failed to make any
13 responsive filings following the Court's entry of the sanctions order, on July 16, 2025, the Court
14 entered an order requiring Plaintiff and Plaintiff's counsel to show cause in writing why daily
15 sanctions should not continue and why the amount of $2,000 accrued at the time of the order's
16 issuance should not be imposed and reported to the State Bar of California. (Doc. 27). Once again,
17 Plaintiff failed to file a response to the Court's order, and accordingly, on July 22, 2025, the Court
18 imposed $2,000 in total sanctions upon Plaintiff's counsel and required counsel to report the
19 sanctions to the State Bar of California. (Doc. 28).

20 Thereafter, Plaintiff's counsel filed the pending motion for reconsideration. (Doc. 30).

21 **II.     Governing Law**

22 The Court has discretion to reconsider and vacate a prior order pursuant to Rule 60(b),
23 Federal Rules of Civil Procedure. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions
24 for reconsideration are disfavored, and they are not to be used to ask the Court "to rethink what the
25 court had already thought through . . ." *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D.
26 Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the
27 Court's decision, and recapitulation of the cases and arguments considered by the court before
28 rendering its original decision fails to carry the moving party's burden." *United States v. Westlands*

*Water Dist.*, 134 F. Supp.2d 1111, 1131 (E.D. Cal. 2001).

To succeed on such a motion in this district, a party must set forth the material facts and circumstances surrounding the motion for reconsideration, including "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and explain "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4). *See*, *e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

### III.    Discussion

As a preliminary matter, Counsel's motion is noticed for hearing on August 8, 2025, in violation of the Local Rules. Local Rule 230(b) requires a motion to be set for hearing "not less than thirty-five (35) days after service and filing of the motion." E.D. Cal. L.R. 230(b). Counsel's motion is, thus, noticed in violation of this Court's Local Rules. In any event, for the reasons that follow, the Court deems the motion suitable for disposition without hearing and oral argument and will vacate the hearing. *See* E.D. Cal. L.R. 230(g).

Further, the filing notices the hearing "in Bakersfield (CDB) before District Judge Kirk E. Sherriff." (Doc. 30). As a result, it is not immediately clear whether Counsel intended to notice the hearing before the undersigned in Bakersfield or before the assigned district judge in Fresno. Local Rule 303(c) requires a request for reconsideration of a magistrate judge's ruling by a district judge to be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling." E.D. Cal. L.R. 303(c). Counsel's motion is not captioned as such, nor does Counsel mention seeking district judge review anywhere in the motion. *See generally* (Doc. 30). Additionally, orders imposing monetary sanctions pursuant to Federal Rule of Civil Procedure 16 are non-dispositive and properly issued by magistrate judges. *See Sapan v. SolarMax Tech., Inc.*, No. 15CV897-MMA-MDD, 2015 WL 6128425, at *2 (S.D. Cal. Oct. 16, 2015) (collecting cases and noting magistrate judges routinely issue Rule 16(f) sanctions) (citing, *inter alia*, *Tamura v. F.A.A.*, 908 F.2d 977 (9th Cir. 1990)) (unpublished). Federal Rule of Civil Procedure 72(a) permits parties to file objections to non-dispositive orders issued by magistrate judges. *See* Fed. R. Civ.

1  P. 72(a).  Counsel's motion does not cite to Rule 72(a), nor otherwise include any objections to
2  any prior orders.  *See generally* (Doc. 30).

3  As the undersigned issued the order for which Counsel seeks reconsideration, and nowhere
4  does Counsel represent an intent to seek review by a district judge, the undersigned will proceed
5  to rule on the pending motion.

6  Counsel states that he "misunderstood the Court's directive requiring the First Amended
7  Complaint to be filed separately and rather believed that submitting the stipulation with the
8  proposed complaint already satisfied the Court's order."  (Doc. 30 at 3-4).  Counsel declares that,
9  both after the Court ordered Plaintiff to show cause in writing for failure to file the first amended
10 complaint as a stand-alone entry on the docket (Doc. 25) and after the Court subsequently ordered
11 daily sanctions (Doc. 26), he forwarded the emails received from the Court to his legal assistant
12 and office manager, Faith Rodriguez, who "repeatedly informed [him] that the matter had been
13 resolved through a discussion with opposing counsel and that a stipulation had been entered with
14 the [C]ourt."  (Doc. 30 at 8, ¶ 8).

15 Counsel represents that he was "away at a legal conference in Dubois, Wyoming, with
16 limited internet capabilities" from July 12 to July 19, 2025.  He attests that he "asked [his] staff to
17 investigate this matter and ensure it is taken care of.  Due to a mix-up concerning another matter
18 in [his] office involving a similar filing correction … [his] office manager was under the mistaken
19 belief that was the matter that needed to be corrected" and corrected the other filing error instead
20 of the one in this action.  Counsel declares that he believed the same.  *Id.* ¶ 10.  A review of
21 Counsel's declaration, Faith Rodriguez's declaration, and attached exhibits reflects confused and
22 contradictory dates.

23 Counsel represents that the filing error in the other action was corrected "by my legal
24 assistant Faith Rodriguez on July 16, 2024 [sic]" and purports to attach a document related to said
25 other matter as Exhibit H.  *Id.* ¶ 11.  However, Exhibit H is not said document but rather a copy of
26 the Court's order requiring Plaintiff to pay daily sanctions (Doc. 26).  (Doc. 30 at 42-45).

27 Though Counsel states that Faith Rodriguez corrected the error in the other action on "July
28 16, 2024" (presumably, July 16, 2025), Faith Rodriguez declares that she corrected the filing error

4

in the other action on July 22, 2025. *Id.* at 12, ¶ 7.

Both declare that Exhibit J attaches the corrective document. (*Id.* at 8-9, ¶ 11; *id.* at 12, ¶ 8). Exhibit J appears to be a confirmation of filing for a state court action titled *Flores, et al. v. State of California, et al.*, Case No. BCV-24-104010, in the Superior Court of California, County of Kern, with the filed document described as a declaration. However, contrary to both Counsel's represented date and Faith Rodriguez's represented date, the filing is reported as submitted on July 18, 2025. *Id.* at 52.

First, the timeline presented by Counsel is entirely unclear. Regardless, even if the undersigned assumes that the earliest date represented, July 16, 2025, is when Counsel filed a corrective document in another action, the Court's order requiring Plaintiff to pay daily sanctions issued on June 26, 2025. (Doc. 26). That is, daily sanctions were accruing for 20 days by July 16, 2025. Additionally, if Counsel was away at a legal conference beginning July 12, 2025, the corollary to this fact is that Counsel was present for over two weeks while sanctions were accruing. And furthermore, the Court's instructions clearly directed Counsel to file the first amended complaint as a stand-alone entry on the docket. Counsel was informed of this in four separate orders (Docs. 24, 25, 26, 27) prior to the order imposing $2,000 in total sanctions amount and requiring him to report to the State Bar.

Second, while Counsel appears to indicate his staff may be partly responsible for the misconduct cited herein (Doc. 30 at 8-9, ¶¶ 10-11) and attaches the declaration of Faith Rodriguez (*id.* at 11-13), Rule 5.3 of the California Rules of Professional Conduct provides "[w]ith respect to a nonlawyer employed or retained by or associated with a lawyer," "a lawyer having direct supervisory authority over the nonlawyer, whether or not an employee of the same law firm, shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer" and "shall be responsible for conduct of such a person[.]" *See* Cal. Rules Prof. Conduct 5.3(b) & (c). As such, under the circumstances, staff negligence or carelessness does not constitute a sufficient showing under the applicable law providing for reconsideration of a court order or relief from sanctions on grounds of purported excusable neglect. *See* Cal. Rules Prof. Conduct 5.3(c) ("[A] lawyer shall be responsible for the conduct [of his

1  nonlawyer employee] ... if: (1) the lawyer orders or, with knowledge of the relevant facts and of
2  the specific conduct, ratifies the conduct involved[.]").  Indeed, Counsel states that he takes "full
3  responsibility for the mistake made by my officer manager and myself."  (Doc. 30 at 9, ¶ 13).

4       Accordingly, Counsel has not shown any new or different facts or circumstances that are
5  claimed to exist which did not exist or were not shown prior, nor shown what other grounds exist
6  for the motion.  On the merits, Counsel offers no reasonable grounds for seeking either vacatur or
7  reduction of the imposed sanctions.  Thus, the motion for reconsideration (Doc. 30) will be denied.

8       The Court will reset the previously imposed deadlines for Counsel to satisfy the sanctions
9  order through payment, reporting to the State Bar of California, and the filing in this action of
10 proof of same (*see* Doc. 28).

11     **IV.**    **Conclusion and Order**

12      For the foregoing reasons, it is HEREBY ORDERED that the hearing noticed for August
13 8, 2025, on the motion of Counsel for Plaintiff for reconsideration (Doc. 30) is VACATED.

14      And it is FURTHER ORDERED that Plaintiff's motion for reconsideration (Doc. 30) is
15 DENIED.

16      The seven-day, 30-day, and 40-day deadlines previously imposed upon Counsel for
17 Plaintiff to comply with the Court's sanctions order (Doc. 28 at 5) are reset to run from the date
18 of entry of this order.

19 IT IS SO ORDERED.

20    Dated:  **August 4, 2025**

21                                                 UNITED STATES MAGISTRATE JUDGE